IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**UNITED STATES OF AMERICA,**

    Plaintiff / Respondent,

vs.                                                     Civil No.   06-0940 WJ/RHS
                                                           Crim. No.  02-0501 WJ

**DAVID DURAN-SALAZAR**,

    Defendant / Movant.

## REPORT AND RECOMMENDATION

Defendant David Duran-Salazar first came before the Court in January 2002 when he was arrested, indicted and convicted by a jury of importing cocaine, importing marijuana, and possession with intent to distribute (Criminal Case No. 02-501, Docs. 23 and 51).  On November 18, 2003, he was sentenced to 151 months (CR 02-501, Doc. 113).  Mr. Duran appealed, and his convictions were affirmed.  United States v. Duran-Salazar, 123 F. App'x 946, 950 (10th Cir. 2005).  He then filed a motion to vacate and set aside his sentence pursuant to 28 U.S.C. § 2255 on October 2, 2006 (Civil Case No. 06-940, Doc. 1) and requested an evidentiary hearing.  On March 26, 2007, his request was denied (CV 06-940, Doc. 13).  However, on March 13, 2009, the Tenth Circuit Court of Appeals reversed this decision and ordered an evidentiary hearing (CV 06-940, Doc. 24).

On September 15, 2009, Petitioner filed an Amended Motion to Vacate and Set Aside Sentence By a Person in Federal Custody, Pursuant to 28 U.S.C. § 2255 (Civil Case No. 06-940, Doc. 30).  The Magistrate Judge held an evidentiary hearing on December 2, 2009 (Doc. 37) and then filed a report and recommendation on the motion on December 17, 2009 (Doc. 38).  Before the District Judge ruled on whether to adopt the report and recommendation, the Magistrate

Judge recused from the case (Doc. 47). The December 17, 2009 report and recommendation has been set aside based on the Magistrate Judge's recusal (Doc. 97).

This Report and Recommendation addresses anew Petitioner's Amended Motion (Doc. 30). In accordance with the order entered by the Tenth Circuit Court of Appeals on March 13, 2009 (CV 06-940, Doc. 24), this Court held an evidentiary hearing on December 12, 2011 at which Mr. Duran testified in person.

## ANALYSIS

The issue for determination is whether Mr. Duran has established that he experienced ineffective assistance of counsel and was denied his fundamental right to testify at trial, therefore requiring that his drug smuggling convictions be set aside. Mr. Duran must meet a two-prong test to establish ineffective assistance of counsel: the "defendant must show that counsel's performance was deficient [and] that the deficient performance prejudiced the defense." Strickland v. Washington, 466 U.S. 668, 687 (1984).

Strickland's first prong has been satisfied. The Court of Appeals already concluded in this case that:

> Because "[a] criminal defendant has a constitutional right to testify in his own behalf at trial[,] . . . even when doing so is suicidal trial strategy[,] [i]f [Duran-Salazar's] counsel deprived him of the constitutional right to testify in his own defense[,] [s]uch a dereliction of duty by counsel would satisfy the first prong of Strickland." Cannon v. Mullin, 383 F.3d 1152, 1171 (10th Cir. 2004).

(Doc. 24). The parties specifically stipulated that "Defendant David Duran-Salazar received ineffective assistance of counsel at trial, in that his trial attorney failed to advise him of his right to testify at trial" (Doc. 90). Therefore, counsel's deficient performance satisfied the first prong.

As for Strickland's second prong, the parties dispute whether Mr. Duran, as a matter of law, is required to show prejudice. The parties also dispute whether Mr. Duran, as a matter of

fact, has shown that he was prejudiced by not being able testify to his version of events (Doc. 90). Mr. Duran's counsel at this stage has effectively raised the issue that prejudice analysis under Strickland may be stretched in this case (Doc. 85 at 31) and that different legal principles may be more appropriate given the nature of the fundamental right to testify at trial. According to the briefing (Doc. 85 at 4), once Mr. Duran demonstrated that he was denied his right to testify, he would not also be required to show that he was prejudiced. As persuasive as that may be, the Court of Appeals remanded this case using Strickland's framework so this Court will analyze the matter the same way and determine if Mr. Duran, as a matter of fact, has shown prejudice.

The Court of Appeals stated, "Strickland's second prong – prejudice – is established if there is a reasonable probability that defendant's testimony would have raised in a juror's mind a reasonable doubt concerning his guilt" (Doc. 24). At the December 12, 2011 hearing held by the undersigned, Mr. Duran testified in person to the very same information that he has argued that he would have told the jury in his 2002 criminal case. He testified under oath to why he crossed the border, where he crossed, where he walked after he was within the United States, and where he was when Border Patrol apprehended him and the other people who eventually became his co-defendants. Mr. Duran asserted that he did not have a backpack of illegal substances, and that he did not know the people who did have backpacks stuffed with drugs. All of the testimony offered at the hearing was consistent with Mr. Duran's years of court filing regarding his planned testimony at trial. After observing Mr. Duran's demeanor and overall credibility in open court, it is concluded that there is a reasonable probability that Mr. Duran's testimony would have raised in a juror's mind a reasonable doubt concerning his guilt. Thus, Strickland's prejudice prong is satisfied.

THEREFORE it is recommended that Mr. Duran's Amended Motion to Vacate and Set Aside Sentence By a Person in Federal Custody, Pursuant to 28 U.S.C. § 2255 (Civil Case No. 06-940, Doc. 30) be GRANTED and that his convictions be VACATED. It is further recommended that Mr. Duran be released from the Bureau of Prisons (Torrance County Detention Center) and be remanded to the custody of the United States Marshal for pretrial detention pending further order of the Court.

Within fourteen (14) days after a party is served with a copy of these proposed findings and recommendations that party may, pursuant 28 U.S.C. § 636(b)(1), file written objections to these proposed findings and recommended disposition. A party must file any objections with the clerk of the district court within the fourteen (14) day period allowed if that party would like to have appellate review of the proposed findings and recommendations. If objections are not filed, appellate review will not be allowed.

*Robert Hayes Scott*
ROBERT HAYES SCOTT
UNITED STATES MAGISTRATE JUDGE